**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

WILLIAM E. SMITH, JR., M.D.

Plaintiff,

vs. Case No.: 3:17-CV-171

GUARDIAN LIFE INSURANCE
COMPANY OF AMERICA,

Defendant.
________________________________/

# COMPLAINT

WILLIAM E. SMITH, JR., M.D.("Plaintiff") sues GUARDIAN LIFE INSURANCE COMPANY OF AMERICA ("GLI") and alleges:

1. This is an action pursuant to the provisions of The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.§1001, *et. seq*. for a denied claim for Long Term Disability (LTD) benefits under an employee welfare benefit plan sponsored by SOUTHERN ORTHOPEDICS & SPORTS MEDICINE, P.A., ("the Employer"), through an LTD Group Policy of insurance issued by GLI to the Employer under Group Policy Number G-00483104 (hereafter the "Plan" or the "Policy"). A copy of the LTD Policy is attached as **Exhibit A**.

2. At all times material, Plaintiff was a Participant in and a Beneficiary of the LTD Plan.

3. At all times material, Defendant GLI was a foreign corporation that was engaging in business within the State of Florida, including Escambia County, Florida.

4. This Court maintains subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Defendant GLI, and venue in this judicial district for this action is proper pursuant to 28 U.S.C. § 1391(b) and (c) and 29 U.S. C. § 1132(e)(2).

6. At all times material, the LTD Plan was in full force and effect.

7. At all times material, the Employer or the Plan's Fiduciaries delegated to GLI the duties and responsibilities for determining benefits and eligibility for benefits under the Plan; the responsibility to act as the respective Plan's claims fiduciary and claims administrator; to act as the administrator for the Plan; and GLI is responsible for the operation of the Plan.

8. GLI pays all LTD benefits due under the Plan from its own assets through the LTD Policy.

9. On or before December 8, 2014, Plaintiff became totally disabled from his full time employment with the Employer as an orthopedic surgeon, and filed a timely application for LTD benefits and his notice of claim under the Plan as soon as was reasonably possible to do so.

10. On or about August 3, 2015, Defendant GLI provided Plaintiff with its written decision denying Plaintiff's claim for LTD benefits.

11. Plaintiff timely requested an appeal of the denial of LTD benefits, and thereafter, provided additional proof of disability as defined by the Plan, as soon as was reasonably possible with such appeals, including additional documentation, records and other information in support of his appeal.

12. On or about April 8, 2016, Defendant GLI upheld its denial of LTD benefits.

13. The Defendant's decision on Plaintiff's LTD claim was arbitrary and capricious; constitutes an abuse of its discretion; was wrong, unreasonable and influenced by self-interest; was not based on a deliberate, principled reasoning process; was not based on its obligation to act as a responsible fiduciary should, that is, in manner favorable to the LTD Plan's beneficiary when using its discretion to review a claim that has no reasonable grounds

for denial; and derogated Plaintiff's rights to LTD benefits under the terms of the LTD Plan.

14. Plaintiff continues to suffer from impairments which render him disabled as defined by the Plan, and he continues to be totally disabled to date as defined by the Plan.

15. Plaintiff has complied with all conditions precedent necessary to maintain this claim.

16. Plaintiff has exhausted his administrative remedies under the Plan.

17. The Defendant has failed to honor the terms of the Plan by refusing to pay Plaintiff LTD benefits.

18. Because of the Defendant's failure or refusal to pay any LTD benefits due under the LTD Plan, Plaintiff has retained the services of the undersigned attorney and is obligated to pay reasonable fees for legal services.

WHEREFORE, Plaintiff demands an order directing Guardian Life Insurance Company of America to pay LTD benefits which are due to Plaintiff and continuing; to pay to Plaintiff pre-judgment interest, reasonable attorney's fees and costs incurred in maintaining this action; and all damages that this Court deems appropriate.

DATED this 15th day of March, 2017.

*s/ Keith W. Weidner*
Keith W. Weidner, Esq.
Florida Bar No. 0655651
Taylor, Warren & Weidner, P.A.
1823 N. 9th Avenue
Pensacola, FL 32503
Tel: 850-438-4899
Fax: 850-438-4044
Attorneys for Plaintiff
Primary: kweidner@twwlawfirm.com
Secondary: lrohan@twwlawfirm